**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, ex rel.** | ) | |
| **JOHN MITCHELL, K64635,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 14 C 8502** |
| | ) | |
| **NICHOLAS LAMB, Assistant Warden** | ) | **Judge Rebecca R. Pallmeyer** |
| **Stateville Correctional Center,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION AND ORDER

In January 2000, the bodies of Preston and Raymond Stouffer, one beaten and the other duct-taped to a chair, were found in their home after it had been torched. Petitioner John Mitchell was convicted by a jury in 2005 of two counts of first-degree murder, home invasion, and residential burglary; he was sentenced to life in prison. The evidence against Petitioner included his own post-arrest statement and a subsequent videotaped confession; evidence of Petitioner's involvement in beating the victim on an earlier occasion regarding a drug debt; and the detection of one of the victims' DNA in blood stains on shoes found at Petitioner's home. On October 27, 2014, Mitchell filed the instant *pro se* habeas petition pursuant to 28 U.S.C. § 2254. Respondent Tarry Williams, Warden of the Stateville Correctional Center, moves to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1). As explained below, the motion is granted. Mitchell's petition is dismissed and the court declines to issue a certificate of appealability.

---

[1] During the pendency of this case, Nicholas Lamb replaced Tarry Williams as Petitioner's custodian at the Stateville Correctional Center. Lamb has been substituted as the proper Respondent. *See* FED. R. CIV. P. 25(d)(1).

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    Trials and Direct Appeals

In January 2000, Petitioner was indicted for first-degree murder, arson, home invasion, and residential burglary. (R. 23 Order, *People v. Mitchell*, No. 1-05-3673 (Ill. App. Ct. 1st Dist. Jan. 20, 2009), Ex. A to Resp't's Mot. to Dismiss [12], hereinafter "Resp't's Mot." at 2.) Before his jury trial, Mitchell filed a motion to quash his arrest and suppress evidence, claiming that he was arrested without a warrant and without probable cause. (*Id.*) At the November 10, 2003 hearing on Petitioner's motion, the trial court granted his motions to quash his arrest and suppress evidence. (*Id.* at 6.) As the Illinois Appellate Court explained, the trial court concluded that the police should have obtained a warrant before arresting Petitioner, but that there was probable cause for the arrest. Inculpatory statements Petitioner made following his arrest were introduced without any objection on this basis. (*Id.*)

On September 23, 2005, Mitchell was convicted by a jury of two counts of first-degree murder, arson, home invasion, and residential burglary. (*Id.* at 2.) He was sentenced to natural life in prison without the possibility of parole for the two first-degree murder convictions, twenty years of imprisonment for the home invasion conviction, and fourteen years of imprisonment for the residential burglary conviction. (*Id.*)[2] Mitchell appealed his sentence to the Appellate Court. (Mitchell Pet. for Writ of Habeas Corpus, hereinafter "Mitchell Pet.," at 2.) On January 20, 2009, the Appellate Court affirmed his convictions, affirmed his sentences for first-degree murder and home invasion, and ordered that the mittimus be corrected.[3] (R. 23 Order, *People v. Mitchell*, No. 1-05-3673 at 30.)

---

[2]     No sentence was imposed for the arson conviction. (*Id.* at 13 n.1.)

[3]     On appeal, both Petitioner and the State requested corrections to the mittimus: Petitioner asked that the reference to a residential burglary conviction be deleted and that he be given credit for time served prior to sentencing; the State requested that the mittimus be corrected to reflect Petitioner's first-degree murder convictions. The Appellate Court granted both requests. (R. 23 Order, *People v. Mitchell*, No. 1-05-3673 at 29, 30.)

The Illinois Supreme Court denied Petitioner's request for leave to appeal on April 28, 2010. (Mitchell Pet. at 2, 11.) His direct appeal proceedings concluded on October 4, 2010, when the United States Supreme Court denied his petition for writ of certiorari. *See Mitchell v. Illinois*, 562 U.S. 931 (2010).

## II.     Post-Conviction Proceedings

Prior to filing any post-conviction petitions or any other type of collateral attack, Mitchell moved for a ninety-day extension of the time for filing a post-conviction petition with the Circuit Court of Cook County. Mitchell asserts that he "filed" this motion on March 24, 2011, but it was not date-stamped until April 4, 2011.[4] Judge Kevin Sheehan denied the motion on April 12, 2011. (Mot. for 90-Day Extension of Time to File a Post-Conviction, Ex. 1 to Pet.'s Resp. to Resp't's Mot. to Dismiss [17], hereinafter "Pet.'s Resp." at 7-9.) Petitioner claimed he had been unable to complete "the necessary investigation and research" in order to file his post-conviction petition because he was not able to go to the law library due to "lengthy and elongated institutional lock-downs"; in addition, he alleges that he did not have access to his legal property boxes because they were stored in the law library, which were "only accessible when allowed or permitted to go to the law library." (*Id.* at 5-6.)

Petitioner moved for reconsideration of the denial of his motion on April 25, 2011 (Mot. to Reconsider, at 12), but that motion was denied on June 15, 2011. (Mot. to Reconsider, Ex. 2 to Pet.'s Resp. at 11-15.) Finally, on June 28, 2011, Mitchell filed a notice of appeal from the denial of his motion for extension of time, but that appeal was denied on August 5, 2011 on the grounds that the trial court's refusal to extend Petitioner's filing date was not a final and appealable order. (Not. of Appeal, Ex. 3 to Pet.'s Resp. at 17-20.)

---

[4]     The court infers that March 24 is the date on which Petitioner gave his motion to prison authorities; under the "mailbox rule," his submission is deemed filed at the moment it is placed in the prison mail system, *Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015), and this court credits the filing dates Petitioner has identified for his state post-conviction petitions.

Following the denial of these motions, on October 4, 2011, Mitchell filed a state petition for writ of habeas corpus on November 1, 2011 in the Circuit Court of Will County.[5] (State Writ of Habeas Corpus, Ex. 4 to Pet.'s Resp. at 26.) On October 25, 2012, the petition was dismissed in a brief order, as barred by the doctrine of collateral estoppel and on the ground that the petition failed to "demonstrate a clear right to habeas corpus relief." (Order Dismissing Complaint, Ex. C to Resp't's Mot. [12-2].)

In the meantime, while Mitchell's state writ of habeas corpus was pending, he filed a petition for post-conviction relief on November 8, 2011; it was date-stamped on December 5, 2011. (Pet. for Post-Conviction Relief, Ex. 5 to Pet.'s Resp. at 28-32.) The post-conviction petition was denied on February 15, 2012, and the ruling was affirmed on appeal on November 26, 2013. (Mitchell Pet. at 3.) The Illinois Supreme Court denied Mitchell's petition for leave to appeal ("PLA") in a summary order on March 26, 2014. (Order Denying PLA, Ex. E to Resp't's Mot.)

On October 25, 2014, Mitchell filed this petition for relief pursuant to 28 U.S.C. § 2254, making claims that his conviction and sentence violated his rights under the Fifth, Sixth, and Fourteenth Amendments. (Mitchell Pet. at 1, 14-18.) He alleges that his confession was inadmissible because detectives had threatened his girlfriend (claim one), because the police engaged "inherently coercive" conduct (claim two), and because detectives did not cease interrogating him after he requested counsel (claim three); and that his right to due process was violated by the state court's failure to appoint an independent DNA expert (claim four) or an expert on false confession (claim five).[6] Respondent filed a motion to dismiss the petition as

---

[5]     The State notes that the docket sheet reflects that this petition was not filed until December 23, 2011 (Docket Sheet, Ex. B to Resp't's Mot at 1) but, as noted, the court assumes that Petitioner submitted each document to prison authorities for mailing on the day that he signed it, and gives Petitioner the benefit of that date as the filing date.

[6]     The Illinois Appellate court addressed these issues on direct appeal. (R. 23 Order [12-2]. It affirmed the trial court's determination that, though police failed to obtain a

time-barred on February 26, 2015.  (Resp't's Mot. at 1.)   Petitioner filed a response to the motion to dismiss on June 18, 2015, urging that he pursued his rights diligently between March 24, 2011 and August 5, 2011.  (Pet.'s Resp.  at 1-2.)  Respondent replied to Petitioner's response on July 6, 2015.  (Reply to Resp. to Mot. to Dismiss at 1.)

## DISCUSSION

### I.    Petition is Untimely

Respondent has moved to dismiss Petitioner's habeas petition as untimely.  (Resp't's Mot. ¶ 7.)  The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs the standards for federal habeas relief from a state-court conviction and sentence.  28 U.S.C. § 2254.  The AEDPA imposes a one-year filing deadline for petitioners in state custody, which runs from the latest of: (1) the date the conviction became final on direct review; (2) the date on which a state-created impediment to filing is removed; (3) the date on which the United States Supreme Court recognizes a new constitutional right and makes it retroactively applicable; or (4) the date on which facts supporting the petitioner's claim could have been discovered with due diligence.  28 U.S.C. § 2244(d)(1)-(4).  The one-year period of limitation can be tolled during the time that a *properly* filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2) (emphasis added).

---

warrant, ample probable cause existed for his arrest, and trial counsel was not ineffective in failing to object to introduction of Petitioner's inculpatory statements on this basis at trial.  (*Id.* at 6, 15-18.)   Petitioner had testified at trial concerning police abuse, but the Appellate court noted the testimony that Petitioner did not complain of police abuse when he gave a statement to the State's attorney.  (*Id.* at 11.)  Nor was the Appellate court moved by Petitioner's due process arguments; it noted that the trial judge had appointed an independent DNA expert whose detailed report was made available to the defense.  (*Id.* at 20.)  With respect to the request for a false confessions expert, the court cited Illinois case law to the effect that a claim that an individual can be coerced to confess falsely "is not a concept beyond the understanding of ordinary citizens, and is not difficult to understand." (*Id.* at 21, collecting cases.)

Mitchell's direct appeal proceedings ended on October 4, 2010, when the United States Supreme Court denied his petition for a writ of certiorari. His petition in this court was filed more than four years later, in October 2014. He has not invoked any newly recognized constitutional right, nor does his petition rely on any newly discovered facts. Petitioner's only argument for timeliness is a claim that he did not have access to his boxes of legal papers in time to submit a timely petition. The court will assume that this is a state-created condition, but it appears that it was not in fact an impediment to filing: Mitchell did file a state habeas corpus petition on October 4, 2011—the deadline for filing of his federal petition. Given that the denial or delay of access to his legal papers did not stand in the way of a state court filing, this court is unable to find a state-created impediment to a timely filing.

Petitioner contends that the court should nevertheless deem his federal habeas petition as timely because the one-year filing deadline was tolled while his motions for extensions of time to file for post-conviction relief were pending, from March 24, 2011 to August 5, 2011. (Pet.'s Resp. at 2.) A properly filed petition for state post-conviction relief does toll the one-year statute of limitations; motions for leave to file do not constitute properly filed state petitions for purposes of tolling, however. The Seventh Circuit has held that simply taking steps to fulfill a state law requirement does not toll the time limitation; rather, the limitations period is tolled only if the state court grants permission to file it. *See Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009). As another court in this district put it, "[a] motion seeking leave to file a post-conviction petition is not a properly filed application for State post-conviction or other collateral review." *Strickland v. Pfister*, No. 11 C 1979, 2013 WL 1286671 at *3 (N.D. Ill. Mar. 27, 2013) (internal quotation marks and citation omitted). In this case, the state courts denied all of Petitioner Mitchell's motions for extensions of time to file for post-conviction relief. Mitchell then proceeded to file his petition for post-conviction relief on October 4, 2011. That means that his state court petition tolled the statute for just one day. Once the Illinois Supreme Court denied

his petition for leave to appeal from the denial of that petition in 2014, however, another seven months passed before this petition was filed.

Indeed, in light of that seven-month delay, Mitchell's federal habeas petition would still be untimely even if the motions for extensions of time to file for post-conviction relief were deemed properly filed collateral review proceedings, tolling the one-year limitations period. From the date on which Petitioner's conviction became final on October 4, 2010, until March 24, 2011 when he filed his first motion for an extension of time, 170 days elapsed. Assuming the most generous interpretation of the tolling provisions, the time would begin running again, at the very latest, on March 27, 2014, when the Illinois Supreme Court denied Mitchell's PLA. From that date until October 25, 2014 when Petitioner's federal habeas petition was postmarked, an additional 212 days elapsed. Added together, that amount of time equals 382 days, seventeen days beyond the one-year filing deadline. Thus, the federal habeas petition is untimely.

## II.    Equitable Tolling Does Not Apply

The AEDPA one-year filing deadline is subject to equitable tolling if the petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 632 (2010) (internal quotation marks and citation omitted). Although the Seventh Circuit has depicted equitable tolling as "an extraordinary remedy" that is "rarely granted," *Obreicht v. Foster*, 727 F.3d 744, 749 (7th Cir. 2013) (internal quotation marks and citation omitted), the court noted that it has "not set that bar so high as to make equitable tolling impossible . . . we recognize that its availability depends on the facts." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014). Petitioner bears the burden of establishing that he is eligible for equitable tolling. *Id.* at 683.

Petitioner claims he pursued his rights diligently while he filed motions for extensions of time to file for post-conviction relief (Pet.'s Resp. at 2), but he has not identified any "extraordinary circumstance" prevented him from filing a timely petition. As noted, Mitchell alleges that he could not access his legal property boxes while the prison was on lockdown

(Mot. for 90-Day Extension of Time to File a Post-Conviction at 5-6), but he provides no details concerning the dates or duration of the lockdowns, nor does he explain when he finally did access to his documents. *Cf. Weddington v. Zatecky*, 721 F.3d 456, 464-65 (7th Cir. 2013) (Seventh Circuit vacated district court's dismissal of petitioner's habeas petition because there was a factual issue as to whether a prison official confiscated all of his legal paperwork, legal books, and writing utensils and prevented him from retrieving them for over a year). In any event, whatever the difficulties may have been, Petitioner did manage to file a state habeas petition on the one-year filing deadline for filing a petition in this court. He was free to file a petition with this court at the same time. A petitioner seeking a federal writ of habeas corpus must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A). but a petitioner can avoid a potential federal habeas time bar by filing his federal petition and asking the federal court to stay the proceedings until state remedies are exhausted, *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)—a practice the Seventh Circuit has recommended since as early as 2001. *See Johnson v. McCaughtry*, 265 F.3d 559, 565 (7th Cir. 2001).

## CONCLUSION

Respondent's motion to dismiss Mitchell's petition for writ of habeas corpus as untimely [12] is granted. The petition is dismissed. Because jurists of reason would not find this court's ruling on the timeliness issue debatable, the court declines to issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

ENTER:

Dated:        September 28, 2015            _____
                                            REBECCA R.  PALLMEYER
                                            United States District Judge